UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 2:05-cr-08

HOLLY LYNNE McNEELY,                        HON. GORDON J. QUIST
a/k/a Holly Lynne Orr,

    Defendant.
_____/

### REPORT AND RECOMMENDATION

    Pursuant to W.D. Mich. LCrR 11.1, I conducted a plea hearing in this case on April 12, 2005. At the hearing, defendant entered a plea of guilty to Count One of the Indictment, charging Theft from Gaming Establishment on Indian Land, in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find that the defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

    I therefore recommend that defendant's plea of guilty to Count One of the Indictment be accepted, that the Court adjudicate

defendant guilty of the charges set forth in Count One of the Indictment, and that the written plea agreement be accepted at the time of sentencing. It is further recommended that the order setting conditions of defendant's release remain in effect pending sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, determination of defendant's status pending sentencing, and imposition of sentence are specifically reserved for the district judge.

Dated: April 12, 2005

TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

You have the right to <u>de novo</u> review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. Failure to file objections within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter. See **W.D. Mich. LCrR 11.1**.